STATE OF VERMONT

ENVIRONMENTAL COURT



|                          | }   |                          |
| ------------------------ | --- | ------------------------ |
| In re: Appeal of         | }   |                          |
| Michael Hamblin          | }   | Docket No. 121-7-99 Vtec |
|                          | }   |                          |
|                          | }   |                          |

Decision and Order on Motion for Summary Judgment

Appellant Michael Hamblin appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Hinesburg upholding the Zoning Administrator's decision not to certify that Appellant's property is free from zoning violations. Appellant is represented by Joseph D. Fallon, Esq.; the Town is represented by Ernest M. Allen, Esq. Appellant has moved for summary judgment.

Appellant owns a 0.2-acre (approximately 8,712 square feet) lot of land with an A-frame residential structure on the northwest shore of Sunset Lake in the Recreational or Shoreline zoning district of the Town of Hinesburg.  At the time of Appellant's purchase, the building contained 720 square feet of livable space, of which 576 feet was on the main floor and 144 square feet was on the upper floor.  Appellant purchased the property on December 14, 1976, and moved in on January 1, 1977, since which time he has occupied the property as his primary residence[1] on a year-round basis.  The Property Transfer Tax Return described the building as a "house" rather than a "camp or vacation home" and described the use of the property, both before and after the transfer, as a "primary residence," rather than as a "camp or vacation" use.

When Appellant's predecessor in title acquired the property on or about July 25, 1972, the Property Transfer Tax return described the building as an "A-frame camp" and

---

[1] The property has also been treated as his primary residence for property tax purposes.

the use of the property as "camp or vacation."

Under the 1966 zoning ordinance in effect from July through November of 1972, "cabins, camps, chalets and similar structures," both single-family and "all others" were a permitted use in the Recreational zoning district. No distinction was made between seasonal use and year round use of such a structure, and no permit was required for the conversion of use of a one-family cabin, camp, chalet or similar structure from seasonal to year-round use.

Under the zoning ordinances in effect from November of 1972 through and including Appellants' purchase of the property on December 14, 1976, a "one-family separate dwelling" was a permitted use in the Recreational zoning district. No distinction was made between seasonal use and year round use of such a structure, and no permit was required for the conversion of use of a one-family separate dwelling from seasonal to year-round use. The term "dwelling unit" was defined to exclude transient housing such as boarding houses, hotels, motels, and tourist homes, but not to exclude small houses used by their owners on a seasonal basis. As of the November 1972 zoning ordinance, a minimum lot size of one acre and a minimum setback of 75 feet was required for residences in the Recreational district, making Appellant's property nonconforming as to those two requirements, but not as to its use as either seasonal or year-round. Thus, ZBA approval under §5.7.1 would have been necessary for any physical external changes to the building, but not for a change from the part-year occupancy to the year-round occupancy of the one-family separate dwelling.

On May 24, 1980, Appellant obtained a zoning permit to elevate the slope of his roof to expand the second floor of the structure. On the application, the use categories of "residential" and "single" were checked. The application noted that the construction would not expand the horizontal measurements of the existing structure. The Zoning Administrator granted the permit, and neither the Town nor any other party appealed. Although the lot size and lakeshore setback were non-conforming, Appellant was not required to apply to the ZBA for approval of the alteration of a non-conforming structure under §5.7.1(a) of the 1976 zoning regulations then in effect.

Under the Zoning Ordinance adopted effective March 23, 1981, the term "dwelling

unit" continued to be defined to exclude transient housing but not to exclude seasonal residences. However, the term "part time dwelling or camp" was defined for the first time in the 1981 zoning ordinance as a building "occupied as a dwelling" for no more than seven months in each of the preceding three years. A "one-family separate dwelling" continued to be listed as a permitted use in the Shoreline zoning district, and no distinction was made between seasonal use and year round use of such a structure, either in the permitted uses (§1310.1) or in the definitions of "one-family dwelling" or "dwelling unit." The 1981 zoning ordinance continued to provide that non-conforming uses may be continued indefinitely but may not be enlarged or altered without prior approval of the ZBA. §1450.2(1).

For the first time, the 1981 zoning ordinance regulated the conversion of a "part time dwelling or camp" to "use as a full time residence." Although §14110 does not seem to require a permit for such conversion (see §1510.1), such conversion must meet certain standards as to liveable floor area, wastewater disposal, water supply and access.

On October 3, 1988, Appellant obtained a zoning permit to construct a dormer and a porch on the structure. On the application, the land use category of "residential" was checked. The Zoning Administrator granted the permit, and neither the Town nor any other party appealed. Although the lot size and lakeshore setback continued to be non-conforming, Appellant was not required to apply to the ZBA for approval of the alteration of a non-conforming structure under §1450.2(1) of the 1981 zoning ordinance then in effect. The Zoning Administrator issued a certificate of occupancy for the dormer and the porch.

Accordingly, based on the foregoing, Appellant's Motion for Summary Judgment is GRANTED and the ZBA's June 1, 1999 decision is reversed. The change of the use of this structure from "part time dwelling or camp use" to "use as a full-time residence" occurred at some time between July of 1972 and December of 1976, well before such a change was regulated under the Town's zoning ordinances. The use of the property is as a one-family separate dwelling, which is a permitted use in the district. The work done on the building in 1980 and 1988 was done in conformance with duly-issued permits, which became final and on which Appellant is entitled to rely. This decision concludes this appeal in this Court. We note that because the property is non-conforming as to lot size

and appears to be non-conforming as to lakeshore setback, any additional work to be done on it in the future may require ZBA approval under the zoning ordinance in effect at that time.

Done at Barre, Vermont, this 18th day of July, 2000.

_____
                        Merideth Wright
                        Environmental Judge